IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONARDO MENDOZA QUINONEZ, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-09-0491 |
| | § | |
| RICK THALER, | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his three convictions for aggravated sexual assault of a child. Respondent filed a motion for summary judgment (Docket Entry No. 11), to which petitioner responded (Docket Entry No. 12).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons that follow.

## I. PROCEDURAL BACKGROUND

Petitioner was convicted of three counts of aggravated sexual assault of a child in July of 2006 and sentenced to three consecutive sixty-year sentences. The convictions were affirmed on appeal. *Quinonez v. State*, No. 01-06-0705-CR, 01-06-0706-CR, 01-06-0707-CR (Tex. App. – Houston [1st Dist.] 2007, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused discretionary review and denied petitioner's

applications for state habeas relief without a written order on findings of the trial court without a hearing on December 10, 2008. *Ex parte Quinonez*, Applications No. 68,415-04, -05, -06, at covers.[1]  The instant federal petition was filed on February 10, 2009.

Petitioner raises the following grounds for federal habeas relief:

(1)    ineffective assistance of trial counsel in failing to:

    (a)    object to the use of petitioner's written statement during the guilt-innocence phase of trial;

    (b)    object to the State's improper opening statement;

    (c)    object to introduction of improper extraneous offense evidence during the punishment phase of trial; and

    (d)    object to statements made by a venireperson during voir dire.

(2)    the trial court erred in admitting into evidence petitioner's written statement.[2]

Respondent argues these grounds fail as a matter of law.

## II.  THE APPLICABLE LEGAL STANDARDS

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme

---

[1]All references to the state habeas record will be to Application No. 68,415-06 unless otherwise stated.  The cited portions of the record are the same for all three applications.

[2]Petitioner withdrew as unexhausted his ground for relief challenging the admission of certain expert witness testimony.  (Docket Entry No. 13.)

Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

### III.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance.  *Id.* at 687.  The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the judgment.  *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different.  *Id.* at 694.  To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.  *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled.  *Id.*

Petitioner raises four instances of alleged ineffectiveness of trial counsel, each of which will be addressed separately.

A.    Failure to Object to Petitioner's Involuntary Statement

The record shows that petitioner sexually assaulted his step-daughter for two years, beginning when she was seven years old.  Petitioner asserts that he was forced to write and sign a written statement admitting to his sexual activities with the child, and that the statement was used against him at trial without objection by trial counsel.

In his affidavit submitted to the trial court on collateral review, trial counsel testified, in relevant part, as follows:

With respect to whether I believed it was necessary to object to [petitioner's] statement [as] coerced, I did not.  There were no facts surrounding his giving the statement that led me to believe the defendant has been coerced.  He was told he was free to leave, and in fact, was able to leave after giving the statement, and went to Guatemala.

*Ex parte Quinonez*, p. 42.

In rejecting petitioner's argument on collateral review, the trial court found trial counsel's affidavit testimony credible, and made the following relevant findings:

5. In order to obtain relief in a post-conviction writ of habeas corpus for ineffective assistance of counsel, an applicant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

6. According to the credible affidavit of [trial counsel], counsel did not object to the applicant's written statement as coerced, because there were no facts surrounding the applicant's giving of the statement which led counsel to believe the statement was coerced.

7. The applicant fails to show that counsel's failure to object to the statement as coerced fell below an objective standard of reasonableness.

8. The applicant fails to show that[,] but for counsel's failure to object to the statement as coerced, a reasonable probability exists that the result of the proceeding would have been different.

\*   \*   \*   \*

19. The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Ex parte Quinonez*, pp. 46-48 (citations omitted).  The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.  *Id.*, at cover.

The child's sexual abuse claims were initially investigated by a Texas Department of Child Regulatory Services investigator, who testified that petitioner agreed to talk with her at the Children's Assessment Center.  The meeting between petitioner and the agency investigator took place in a regular conference room, and petitioner was free to refuse to speak with her and to leave the room at any time.  R.R., Vol. 4, p. 62.  She advises her clients that they have a right to have an attorney or to consult with an attorney.  *Id.*, p. 80.  Although petitioner testified that the conference room door was locked, he did not attempt or ask to leave.  The child protective services investigator testified that petitioner initially denied the sexual abuse allegations, but he eventually admitted to some sexual activity with his step-daughter:

Q:   So, tell me how the interview switched from him denying sexually abusing [the child] at all to him making some admission?

A:   He cited that he was very remorseful, that he was a Christian, and that he just wanted to have things right with God.  As he's saying this statement, he's denying abusing her.  This is as we're gradually talking.

Q:   And when you hear him start to talk about being remorseful and being a Christian, do you change your approach with him?

A:   Yes, ma'am.

Q:   What did you do?

A:   I told him if he wanted to make things right with God, he had to tell the truth as far as what happened.

Q:     And what happened then?

A:     He expounded on the extent of what happened with [the child] as far as sexually abusing her.  He indicated that, yes, something had happened and that he was remorseful about it.

R.R., Vol. 4, pp. 64-65.  The investigator added that petitioner "minimized" his behavior, admitting only to genital contact with the child without penetration.  *Id.*, p. 65.  She stated that she then told petitioner, "Whatever you told me, whatever you just said happened, write on a piece of paper," and that it was petitioner's choice to write as much or as little as he wanted.  *Id.*, p. 67.  The statement written and signed by petitioner stated that, "I have not hit the girl.  There was no penetration.  You can perform a medical exam.  I am a Christian. I believe in our Lord Jesus Christ and he will have the last word. . . . It only was over her intimate part.  With the penis, without panties."  *Id.*, pp. 67-68.

Petitioner testified at trial, and stated that he wrote the statement because the investigator told him, "Here, if you don't do what I tell you, you're going to be subjected to the consequences.  I'm going to take care to put you in jail, she told me, whether you're innocent or guilty."  *Id.*, Vol. 5, p. 16.  Although petitioner claimed to have written down only what the investigator wanted him to write, he modified that claim under cross-examination:

Q:     Did [the investigator] want you to write down: I have not hit the girl?

A:     No.

Q:     Did [she] want you to deny penetration?

8

A:      No, she did not tell me anything about that.

Q:      Did [she] want you to say that you had only put your penis against her intimate part without her panties?

A:      Yes.

Q:      And did she want you to be clear that it was over but not actually inside [the] little girl's private part?

A:      No.

                              *    *    *    *

Q:      A lot of the things that you wrote in the statement were not things that [the investigator] wanted you to write.

A:      I just understood that she wanted me to put down – what she wanted me to put down, and that's what I did.

*Id.*, Vol. 5, pp. 23-24.

Petitioner claims that his statement was inadmissible under Texas Code of Criminal Procedure art. 38.22, which governs written statements made by an accused as a result of custodial interrogation.  Petitioner does not show that he was in "custodial interrogation" at the time he met with the child protective services investigator.  *See Harm v. State*, 183 S.W.3d 403, 408 (Tex. Crim. App. 2006) (holding that Child Protective Services was not a law-enforcement agency regarding a non-criminal investigation undertaken in the performance of its duties to protect the welfare and safety of the children of Texas). Although he asserts that the investigator was a "de facto police agent," he presents no probative evidence to support his allegation.  *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's

bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Neither petitioner nor the record shows that, had counsel objected to admission of the statement into evidence, the objection would have been granted and the statement excluded. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding that counsel is not ineffective in failing to raise futile or meritless objections).

Moreover, petitioner did not admit in his written statement to performing the sexual acts for which he was criminally charged. Petitioner was charged with anal and vaginal penetration and oral sexual contact. R.R., Vol. 3, pp. 6-8. In his written statement, he admitted only to genital-to-genital contact without penetration. However, the child testified that petitioner anally, vaginally, and orally penetrated her, and that he forced her to have oral sexual contact with him. Even assuming counsel erred in not objecting to the statement, neither petitioner nor the record establishes a reasonable probability that, but for such error, the result of the trial would have been different.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

B.     Failure to Object to the Prosecution's Opening Statement

Petitioner complains that trial counsel should have objected to the prosecution's opening statement because the prosecutor summarized the evidence that would be produced at trial but failed to tell the jury that the opening argument itself was not evidence. Specifically, petitioner argues that the prosecution was required to temper her allegations with, "the evidence will show."

In addressing this issue on state collateral review, trial counsel testified in his affidavit that, "I never object to the State's opening based on whether or not they say 'the evidence will show.' I explain to the jury that all the evidence comes from the witness stand and that nothing the prosecutor says or that I say is evidence." *Ex parte Quinonez*, p. 42.

In rejecting petitioner's claim on collateral review, the trial court found trial counsel's affidavit testimony credible, and made the following relevant findings:

5.     In order to obtain relief in a post-conviction writ of habeas corpus for ineffective assistance of counsel, an applicant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*            *            *            *

9.     According to the credible affidavit of [trial counsel], counsel did not object to the prosecutor's opening statement on the basis that she did not preface her statements with the words 'the evidence will show' because counsel does not make that objection; instead, he explains to the jury that nothing he, nor the State[,] says is evidence.

11

10.     The applicant fails to show that counsel's failure to object to the prosecutor's opening statement on the basis that she did not preface her statements with the words 'the evidence will show' fell below an objective standard of reasonableness.

11.     The applicant fails to show that counsel's failure to object to the prosecutor's opening statement on the basis that she did not preface her statements with the words 'the evidence will show,' a reasonable probability exists that the result of the proceeding would have been different.

*   *   *   *

19.     The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Ex parte Quinonez*, pp. 46-48 (citations omitted).  The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.  *Id.*, at cover.

Petitioner fails to direct this Court to any legal authority requiring a prosecutor to preface an opening statement with "the evidence will show," and the Court finds none.  A review of the State's opening remarks here shows that the prosecutor presented her opening statement as a synopsis of what she intended to show:  "After so much talk about child abuse in general, now is when you start to hear about what these cases are about"; "You'll hear that when [the child] finally talked"; "she will be here tomorrow and tell you what she had to live through"; "Once you hear from [the child,]" and other similar statements.  R.R., Vol. 3, pp. 8-10.  The record shows that the State ultimately presented the evidence outlined in the prosecutor's opening statement.  No deficient performance is shown.

Even assuming deficient performance, petitioner fails to show that trial counsel's trial strategy of using his own opening statement to educate the jury was unreasonable, or that, but for counsel's failure to object to the State's opening statement, the results of the trial would have been different.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

C.    Failure to Object to Extraneous Offense Evidence

Petitioner complains that, at the punishment phase of trial, trial counsel failed to object to extraneous offense testimony from petitioner's wife that he had beaten and raped her in the child's presence. Petitioner argues that this evidence clearly was unduly prejudicial because he was unfairly given three "stacked" sixty-year sentences for alleged sexual assaults "that left no visible scars or damage" on his nine-year old step-daughter. (Docket Entry No. 12, p. 19.)

In his affidavit submitted to the trial court on collateral review, trial counsel testified, in relevant part, as follows:

> I did not object to the testimony of [the witness] in punishment, because I thought [her] statement regarding [petitioner's] sexual preferences was different enough from what the complainant testified to that it may leave some residual doubt with the jury that could help in punishment assessment. Further, in punishment, the prosecutor puts on prior bad acts of the defendant.

13

It had been properly noticed to me by the State before trial, and if I had objected, I do not believe it would have been kept out anyway.

*Ex parte Quinonez*, pp. 42-43.

In rejecting petitioner's claim on collateral review, the trial court found trial counsel's affidavit testimony credible, and made the following relevant findings:

5.    In order to obtain relief in a post-conviction writ of habeas corpus for ineffective assistance of counsel, an applicant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

\*    \*    \*    \*

12.    According to the credible affidavit of [trial counsel], counsel did not object to the State's offer of punishment phase testimony from [the witness] regarding the applicant forcing her to have sex with him, because her description of the applicant's sexual preferences was so different from the complainant's description, that counsel believed the defense may be able to capitalize on some residual doubt by jurors.

13.    According to the credible affidavit of [trial counsel], the prior bad acts that the applicant complains were introduced in punishment were properly noticed by the State, and counsel does not believe an objection would have kept them out of evidence.

14.    The applicant fails to show that counsel's failure to object to the State's offer of punishment evidence fell below an objective standard of reasonableness.

15.    The applicant fails to show that[,] but for counsel's failure to object to the State's offer of punishment evidence, a reasonable probability exists that the result of the proceeding would have been different.

\*    \*    \*    \*

14

19.     The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Ex parte Quinonez*, pp. 46-48 (citations omitted).  The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.  *Id.*, at cover.

To establish deficient performance under this ground, petitioner must present this Court with "[s]olid, meritorious arguments based on directly controlling precedent" for his claim that, had counsel objected, the evidence would have been excluded.  *See United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003).  This, he fails to do.  To the contrary, state law provides that the State may introduce during punishment any

evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. art. 37.07, § 3.  Counsel is not ineffective in failing to raise futile or meritless objections, and no ineffective assistance of counsel is shown.  *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

D.      Failure to Object to Voir Dire Statements

During voir dire, a veniremember commented that, as the parent of a little girl, the sexual abuse case "may be too sensitive or emotional for me to handle."  R.R., Vol. 2, pp. 81-82.  Petitioner argues that this "tainted" the jury panel and that trial counsel should have questioned the veniremember separately and outside the presence of the entire panel. Petitioner offers no factual basis  as to how this remark tainted the entire venire panel, other than to point to his guilty verdict.

In his affidavit submitted to the trial court on collateral review, trial counsel testified, in relevant part, as follows:

> I did not believe that anything [the venireperson] said was in any way 'polluting' to the jury, and I would rather that those sorts of statements [be] made in front of the whole panel, so that [if] any other members of the panel agree, they too will speak up and I can try to strike them for cause.

*Ex parte Quinonez*, p. 43.

In rejecting petitioner's claim on collateral review, the trial court found trial counsel's affidavit testimony credible, and made the following relevant findings:

> 5.      In order to obtain relief in a post-conviction writ of habeas corpus for ineffective assistance of counsel, an applicant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

> *      *      *      *      *

16

16.    According to the credible affidavit of [trial counsel], counsel did not believe it was necessary to ask the court to question [the venireperson] at the bench, or do anything else to minimize the effect of his statements in front of the panel because, 1) nothing the veniremember said was in any way 'polluting' to the panel; and 2) counsel preferred that these statements be made in front of the entire panel so that other members who agreed with this veniremember's statement would 'speak up' so counsel could develop challenges for cause.

17.    The applicant fails to show that counsel's failure to attempt to minimize the statements of [the venireperson] fell below an objective standard of reasonableness.

18.    The applicant fails to show that[,] but for counsel's failure to attempt to minimize the statements of [the venireperson], a reasonable probability exists that the result of the proceeding would have been different.

19.    The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Ex parte Quinonez*, pp. 46, 48 (citations omitted).  The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.  *Id.*, at cover.

It was trial counsel's trial strategy to allow such comments in order to promote self-disclosure from the other veniremembers, thus allowing him to productively assess the potential jurors and garner cause for moving to strike certain panel members.  The Fifth Circuit recognizes that, "A conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Virgil v. Dretke*, 446 F.3d 598, 608 (5th Cir. 2006) (internal quotations omitted).

Petitioner fails to meet his burden of proving that this was an unreasonable trial strategy or that counsel's tactic was so ill chosen that it permeated the entire trial with obvious unfairness. This Court's careful review of the record evinces neither professional error nor prejudice regarding counsel's conscious and informed trial strategy.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

## IV.   TRIAL COURT ERROR

Petitioner contends that the trial court erred in admitting into evidence his allegedly involuntary statement because the child protective services investigator was a "de facto police officer." Petitioner raised this issue in his *pro se* response to appellate counsel's brief filed under *Anders v. California*, 386 U.S. 738, 744 (1967), and in his *pro se* petition for discretionary review. The state courts rejected petitioner's arguments, affirmed the convictions, and refused discretionary review.

It is undisputed that trial counsel did not object to the admission of the statement into evidence. Under the Texas contemporaneous objection rule, a petitioner is deemed to have waived any error by failing to raise an objection at the time the evidence is offered. *Corwin v. Johnson*, 150 F.3d 467, 472-73 (5th Cir. 1998). The Fifth Circuit recognizes that the contemporaneous objection rule constitutes an adequate and independent state ground

procedurally barring federal habeas review. *Sharp v. Johnson*, 107 F.3d 282, 285-86 (5th Cir. 1997). This Court cannot grant habeas relief in absence of proof of cause and prejudice for the procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). Because petitioner complains elsewhere of trial counsel's failure to object to the written statement, the Court liberally construes petitioner's arguments as raising trial counsel's failure to object as good cause for the procedural default.

Petitioner's claim that admission of the statement violated art. 38.22 of the Texas Code of Criminal Procedure affords him no relief. Any question of whether the trial court did or did not violate art. 38.22 is not an issue for this Court. *See Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (reaffirming that federal courts "do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law"). The only relevant inquiry for this Court is whether the admission of the statement into evidence violated petitioner's federal constitutional rights.

Petitioner argues that the written statement was involuntary and violated his Fifth Amendment rights. In *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966), which generally precludes the prosecution's use of involuntary statements made during custodial interrogation, the Supreme Court outlined certain rights of which suspects must be advised by law enforcement officers before custodial interrogation takes place, such as the right to remain silent and the right to counsel. These familiar procedural safeguards are designed

to protect an accused's Fifth Amendment privilege against self-incrimination during custodial interrogation.  To establish that an inculpatory statement was involuntary, the defendant bears the burden to show that, but for police coercion, he would not have given the confession.  *See Colorado v. Connelly*, 479 U.S. 157, 163-64 (1986); *Muniz v. Johnson*, 132 F.3d 214, 219 (5th Cir. 1998).  To meet this burden, a defendant must demonstrate that it resulted from coercive police conduct by establishing a link between the alleged coercive conduct and the defendant's confession.  *See Connelly*, 479 U.S. at 163-65; *Hopkins v. Cockrell*, 325 F.3d 579, 584 (5th Cir. 2003).

Petitioner does not make that showing.  As discussed earlier, neither petitioner nor the record shows that his written statement was the product of a custodial interrogation, as petitioner fails to establish that the child protective services investigator was a "de facto police officer" during the interview.

Even if the trial court erred in admitting the written statement, petitioner does not show that his conviction was tainted by constitutional error that had "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (holding that, on federal habeas review under section 2254, the *Brecht* standard of harmless error applies whether or not the state court conducted a harmlessness review).  Petitioner's written statement admitted to sexual contact with the child, but not to the sexual acts for which he was indicted.  The child, on the other hand, testified that petitioner sexually assaulted and

penetrated her anally, vaginally, and orally over a two year period, as alleged in the indictment.  Because petitioner fails to show that the error was not harmless, or that the state habeas court's determination was objectively unreasonable, he is not entitled to federal habeas relief on this issue.

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

## V.   CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 11) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  A certificate of appealability is **DENIED**.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 24TH day of February, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE